D'ANGLEMONT v. FISCHER et al.

(Supreme Court, Appellate Term. March 11, 1904.)

1. PLEADING—BILL OF PARTICULARS—FAILURE TO COMPLY WITH ORDER—EX-
CLUSION OF EVIDENCE.

In an action for rent one defendant pleaded discharge, and payment and acceptance by plaintiff. The other defendant pleaded a general denial, an assignment of the lease, and release by plaintiff from liability. Plaintiff moved for a bill of particulars, and showed that she was, and had been for five years past, in Europe, and that her agent had exclusive manage-ment of the demised premises, and that he never discharged defendants, and could find no one among his employés who did. The first defendant was ordered to serve a bill stating when, and the person by whom, he was discharged from liability, and when, and the person by whom, payments were accepted in satisfaction of plaintiff's claims. The second defendant was ordered to give the date, and the person by whom, he was relieved from liability, etc. The second defendant absolutely ignored the order, and the first served a bill, but did not state therein the person in the agent's office to whom the payment was made and by whom the release was given. Held, that defendants should have furnished bills as ordered, and, failing therein, the court should have entered an order precluding them from giving evidence as to the above defenses.

Action by Catherine D'Anglemont against Charles Fischer and Wil-liam Oldenburg. From an order denying a motion to preclude de-fendants from giving evidence under separate defenses interposed by them, as to which they had been ordered to give a bill of particulars, but had failed to comply with the terms of the order, plaintiff appeals. Reversed in part.

Argued before FREEDMAN, P. J., and GIEGERICH and Mc-CALL, JJ.

William H. Sage, for appellant.
Hoffman & Wahle, for respondent Fischer.
William H. Klinker, for respondent Oldenburg.

McCALL, J. This is an action for rent under a lease made orig-inally with one Lazarowitz, and alleged to have been assigned to de-fendants. A defense interposed by the defendant Fischer is that the plaintiff discharged the defendants from any further liability or obliga-tion under said lease, and a further defense is that "he paid her all the rent that was due, and she accepted such sum in full payment and satisfaction of all claims and demands the plaintiff had against this defendant." The defendant Oldenburg offers a general denial of all the allegations of the complaint, and for further defense sets up that

he and his codefendant assigned the lease, and the plaintiff agreed "to relieve the defendant Oldenburg from all liability therefrom," and, further, that the plaintiff agreed to look to defendant Fischer for rent thereof. At issue under such pleading, the plaintiff moved for a bill of particulars, and Douglas Robinson stated to the court, in an affidavit used on said application, that the plaintiff was in Europe, had been there for five years past, and that he, Robinson, had the exclusive management and control of the demised premises, as agent of plaintiff, during the whole length of time covered by the lease mentioned in the complaint; that he employs an office force of over 10 persons; that he never discharged the defendants nor relieved them from liability or the obligation imposed by said lease, nor, after diligent inquiry among his employés, could he find one among them that did. Upon such presentation of the facts by the plaintiff, and after notice given to both of the defendants, one of the justices of the City Court issued an order directing both defendants, within five days after the service of said order, to serve upon plaintiff's attorney bills of particulars. In the case of defendant Fischer, for him to state the date when, and the person by whom, he was discharged from the liabilities and obligations incurred under the lease; also the date when, and the person by whom, the payments were made and accepted in satisfaction of all claims that plaintiff had against him. In the case of defendant Oldenburg, to state the date when, and the person by whom, he was relieved from all liability for rent; and, further, the date when, and the person by whom, the plaintiff agreed to look to one Klusman and the defendant Fischer for rent. This order was entered on the 9th day of January, 1903, and a receipt of a copy of same was duly acknowledged by the appearing attorneys for both of the defendants. The defendant Oldenburg, without offering the slightest excuse, absolutely ignored it, and refused to, or, at least, did not, comply with its terms in any particular. The defendant Fischer within the time fixed did serve a paper, and asserts it is a compliance with the court's order. It was not. Disregarding, for the moment, that in it he says the "plaintiff," herself, made the payment to herself, which relieved the defendant, as he contends, and accepting that for what it undoubtedly is, a clerical error, and that he meant to say defendant, instead of plaintiff, yet the plaintiff is entitled to just what she asked for, and what she did not get—the name of the person in the office of Douglas Robinson & Co. to whom this payment was made and by whom this release from liability was given. We have noted the contention that plaintiff might have moved for a further bill; but that is mere quibbling, and entitled to little consideration. The original order was explicit, and under the circumstances well warranted, and there should have been a prompt compliance therewith. The order of the court being thus treated, the plaintiff applied for an order, which, among other things, would provide that the defendants should be precluded from giving evidence as to their separate defenses, and her application was denied. From the order entered therein she appeals to this court.

In so far as the defendant Oldenburg is concerned, the order should be reversed with costs and disbursements, and one entered precluding

him from giving testimony as to his separate defenses. A like disposition is made of the order as to the defendant Fischer, unless, within five days after the entry and service of an order herein, he comply with the order of Mr. Justice Hascall, by giving the name of the individual to whom his payment was made and by whom the release was given. If he does so comply, the order, in so far as defendant Fischer is concerned, stands affirmed, with costs and disbursements to plaintiff to abide event. All concur.